UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TRENT ALVAREZ, on behalf of himself and all others similarly situated,

    Plaintiff,

  v.

T-MOBILE USA, INC., and Does 1 through 10,

    Defendant.
_____/

NO. CIV. 2:10-2373 WBS GGH

<u>MEMORANDUM AND ORDER RE:
MOTION TO STAY</u>

----oo0oo----

    Plaintiff Trent Alvarez brought this putative class action against defendant T-Mobile USA, Inc., arising out of plaintiff's mobile phone contract with defendant. The Complaint alleges violations of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750-1785, Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, and False Advertising Law, Cal. Bus. & Prof. Code §§ 17500-17595. Presently before the court is defendant's motion to stay the action pending the Supreme Court's

decision in <u>AT & T Mobility LLC v. Concepcion</u>, --- U.S. ----, 130 S. Ct. 3322 (2010).

Courts have the power to stay proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936).  This power extends to stays pending other judicial proceedings, and does not require the issues in such proceedings to be necessarily controlling of the action before the court.  <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1979).

In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship to the parties if the suit is allowed to go forward; and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962).  "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims."  <u>Leyva</u>, 593 F.2d at 864.  The party seeking the stay:

> must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.  Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

<u>Landis</u>, 299 U.S. at 255.  These considerations are "counsels of

moderation rather than limitations upon power." Id.

Taking the factors in reverse order, the court first considers what effect a stay would have on the "orderly course of justice." CMAX, 300 F.2d at 268. This case involves a putative class action, and defendant has moved to compel arbitration pursuant to an arbitration agreement between the parties that contains a class action waiver provision.[1] (Docket No. 7.) In Laster v. AT & T Mobility LLC, 584 F.3d 849 (9th Cir. 2009), the Ninth Circuit held that a class action waiver provision in an arbitration agreement is unconscionable and unenforceable under California law. Id. at 852. While this court, not having the benefit of full briefing on the issue, will not comment on the merits of the motion to compel arbitration, it appears likely that Laster would be controlling.

The Supreme Court granted certiorari in Laster ("Concepcion" on appeal) to resolve: "Whether the Federal Arbitration Act preempts States from conditioning the enforcement of an arbitration agreement on the availability of particular procedures--here, class-wide arbitration--when those procedures are not necessary to ensure that the parties to the arbitration agreement are able to vindicate their claims." (Def.'s Mem. in Supp. of Mot. to Stay Ex. B.) A ruling in Concepcion would thus be beneficial to the court in hearing this case because it could change or clarify the law regarding the enforceability of arbitration agreements containing class action waiver provisions.

---

[1] If the court does not grant defendant's motion to stay, it is scheduled to hear the motion to compel arbitration on January 18, 2011. (Docket No. 7.)

This factor weighs heavily in favor of granting a stay even if the arbitration agreement at issue in Concepcion was more generous to consumers (and thus more likely to be enforceable) than the agreement in this case. This court will certainly have to consider the factual differences between Concepcion and this case in deciding whether to compel arbitration, but a decision in Concepcion could alter whether arbitration is even a possibility.

Defendant will suffer substantial hardship if this action is permitted to go forward, since the point of an arbitration clause is to free contracting parties from the burden of litigation. See Lopez v. Am. Express Bank, FSB, No. CV 09-07335, 2010 WL 3637755, at *4 (C.D. Cal. Sept. 17, 2010). Defendant will incur significant costs relating to fact and expert discovery, motion practice, and trial preparation to defend this action. See Carney v. Verizon Wireless Telecom, Inc., No. 09cv1854, 2010 WL 3058106, at *3 (S.D. Cal. Aug. 2, 2010); Kaltwasser v. Cingular Wireless LLC, No. C 07-00411, 2010 WL 2557379, at *2 (N.D. Cal. June 21, 2010) ("[T]he nature and extent of discovery permissible in private arbitration is fundamentally different from that allowed in class-action litigation.").[2] These costs may be unnecessary if the Supreme

---

[2] Plaintiff's reliance on Lockyer v. Mirant Corp., 398 F.3d 1098 (9th Cir. 2005), is misplaced. While Lockyer stated in dicta that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity,'" id. at 1112, the case involved the stay of a divestiture action pending resolution of the defendant's bankruptcy proceeding. The defendant would have had to defend the suit either during the pendency of the bankruptcy proceeding or after it ended. Here, in contrast, defendant might not have to defend the suit at all if the arbitration agreement is held enforceable in Concepcion. Defending a suit the party should not have to defend qualifies as

4

Court finds that the Federal Arbitration Act preempts state law from conditioning enforcement of an arbitration clause on the availability of class action, which might require this action to be arbitrated. It would be burdensome for both parties to spend time, energy, and resources on pretrial and discovery issues, only to find those issues moot within less than a year. The public interest in preserving judicial resources also weighs in favor of staying the case.

There is, however, a fair possibility that granting the stay will harm plaintiff and similarly situated individuals. Plaintiff seeks not only damages but also injunctive relief against allegedly ongoing unfair acts and practices. (Compl. at 30:1-19.) If plaintiff's allegations are true, defendant will continue to unfairly obtain monthly payments from plaintiff during the pendency of the stay.[3]

Nonetheless, the court finds that defendant has met its burden and has shown a clear case of hardship or inequity. It would be unjust for defendant to have to litigate this case and incur related expenses if the parties agreed to an enforceable arbitration agreement. See McArdle v. AT & T Mobility LLC, No. C 09-1117, 2010 WL 2867305, at *4 (N.D. Cal. July 20, 2010) ("Because the viability of prosecuting this case as a class

---

"more" than defending a suit that would exist either way, giving rise to a "clear case of hardship or inequity." See Lopez v. Am. Express Bank, FSB, No. CV 09-07335, 2010 WL 3637755, at *4 (C.D. Cal. Sept. 17, 2010).

[3]  Granting or denying the stay could have little or no effect on plaintiff's harm. Plaintiff's two-year contract began on August 17, 2009, and he is obligated to make monthly payments under the contract. (Compl. ¶¶ 59, 67.) Even without a stay, plaintiff's case might not be resolved before August of 2011.

action is in question, it is not apparent that Defendants should bear this additional expense."). In addition, plaintiff's ongoing harm, though serious, may be remedied by an award of damages. See Carney, 2010 WL 3058106, at *3.

Several other California district courts have stayed similar actions pending the Supreme Court's decision in Concepcion. See, e.g., Lopez, 2010 WL 3637755, at *4; Carney, 2010 WL 3058106, at *3; McArdle, 2010 WL 2867305, at *4; cf. Kaltwasser, 2010 WL 2557379, at *3 (deferring ruling on motion for class certification until the Supreme Court rules in Concepcion).

The Supreme Court heard oral argument in Concepcion on November 9, 2010, and will decide the matter no later than at the end of the 2010 term. The stay of action will thus conclude within a reasonable period of time.

IT IS THEREFORE ORDERED that defendant's motion to stay the action pending the Supreme Court's decision in AT & T Mobility LLC v. Concepcion, --- U.S. ----, 130 S. Ct. 3322 (2010) be, and the same hereby is, GRANTED. As soon as that case has been decided by the Supreme Court, counsel shall advise the Clerk and shall take the necessary steps to have this matter set down for Status Conference.

DATED: December 6, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE