IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRENT ALVAREZ, on behalf of himself and others similarly situated,

    Plaintiff,

vs.

T-MOBILE USA, INC.,

    Defendant.

No. CIV S-10-2373 WBS GGH

ORDER

_____/

    Previously pending on this court's law and motion calendar for August 25, 2011, was plaintiff's motion to compel further responses to arbitration related discovery. Jenelle Welling represented plaintiff. Kristine McAlister Brown appeared for defendant. After reviewing the pertinent papers and hearing oral argument, the court now issues the following order.

BACKGROUND

    This is a putative class action concerning California residents who purchased unlimited cell phone data plans. Plaintiff claims T-Mobile deceptively advertised unlimited data on these plans but imposed an undisclosed cap on the amount of data subscribers could use. When the cap was exceeded, plaintiff received a text informing him that he exceeded the cap,

1

and defendant imposed restrictions in his use for the remainder of the month.  Claims are for violations of the Consumer Legal Remedies Act ("CLRA"), the Unfair Competition Law ("UCL"), and the False Advertising Law ("FAL").  Defendant T-Mobile removed this case from Yolo Superior Court, jurisdiction presumably based upon 28 U.S.C. § 1332(d) (class action removal).

Because Alvarez did not timely opt out of the arbitration provisions in his service contract, T-Mobile claims that plaintiff's causes of actions may only be heard individually in an arbitration proceeding or small claims court based on the arbitration provision in its terms and conditions, and has filed a motion to compel arbitration, i.e., there can be no class action in arbitration, and, of course, no class action in small claims court.[1]  Plaintiff Alvarez challenges the validity of the arbitration provision, as not having agreed to it, and as unconscionable.  With respect to the latter ground, the only apparent substantive issue has to do with the class action waiver provision and related opt out of arbitration which apparently resurrects the right to proceed in court via a class action.

T-Mobile moved the district judge to enforce the arbitration conditions.  Because plaintiff bears the burden of demonstrating that the arbitration clause cannot be enforced, see below, the district judge permitted discovery on the arbitrability issue.  Plaintiff is attempting to prove the arbitration clause is unenforceable under the common law doctrine of unconscionability and/or vindication of statutory rights as set forth in Gentry v. Superior Court, 42 Cal.4th 443 (2007).  The district judge has temporarily vacated the hearing on the motion to compel arbitration, and has allowed the parties to conduct arbitration related discovery at this stage of the proceedings. (Dkt. no. 37).

However, the district judge clearly did not desire to open up discovery for all purposes of the underlying class action; he determined that discovery should initially be limited

---

[1]At hearing, T-Mobile conceded that if Alvarez had timely opted out, there would be no contractual impediment to a class action in court.

to the arbitration issues, and that it should be "*speedy and limited*" in that context. (Order, filed July 6, 2011, at 2.) (Emphasis added).

THE DISCOVERY REQUESTED

      In the circumstances of this case, the discovery requested appears neither speedy nor limited.  The vast bulk of discovery is directed at the issue of whether the arbitration provision results in oppressive, harsh results to the T-Mobile customer.  See discussion infra. However, this discovery would entail much work and expense on the part of T-Mobile.

      Alvarez seeks responses to both interrogatories and requests for production.  In the interrogatories, Alvarez requests information regarding the total number of "postpaid" customers since 2006 whose contracts contained an arbitration clause (I-1); the number of disputes for postpaid customers in which arbitration was initiated (I-2); general submission of disputes to arbitration and number of small claims cases initiated by customers (I-3); specific information regarding the number of lawsuits which *T-Mobile* brought against its customers (I-4); specific information regarding the results of postpaid customers arbitration (I-5); number of arbitrations (in general) which involved injunctive relief (I-6); total number of customers who paid fees in connection with an "unlimited " data plan (I-7); postpaid customer who initiated arbitration complaining of payment of fees for "unlimited" data plans (I-8); total number of customers who opted out of arbitration(I-9); compilation of various statistics regarding the universe of arbitration awards initiated for whatever reason (I-10); the number of "disputes" for whatever reason received by T-Mobile from postpaid customers (I-11); compilation of the universe of small claims court awards statistics (I-12); compilation of  "average monthly recurring charge for U.S. postpaid customers who paid fees in connection with an unlimited data plan (I-13); number of U.S.  postpaid customers who paid fees in connection with an unlimited data plan (I-14); number of electronic notifications to U.S. postpaid customers who paid fees in connection with an unlimited data plan (I-15); number of telephonic or written complaints in connection with an unlimited data plan regarding electronic notices of possible throughput

3

reductions (I-16); knowledgeable persons and internal procedures re arbitration (Is 17-18).

        The Requests for Production similarly required analysis and production of documents regarding (almost) the universe of complaints, arbitrations and so forth along with a request for summary documents. For example, Requests 12 and 13 request a copy of a written resolution for *every customer dispute between 2006-2011* which was resolved short of arbitration. Request 7 seeks *every document* relied upon by T-Mobile in answering the above interrogatories "regarding arbitration." The remainder of the requests seek a copy of the relevant rate plan, (R-1); all non-case correspondence between T-Mobile and the American Arbitration Assoc. (R-2); an exemplar copy of Terms and Conditions for any T-mobile device activated during the pertinent years (R-4); any document referencing T-Mobile's rate of success in arbitrations and documents reflecting analyses of all dispute resolution (Rs 5-6); studies relating to readability of arbitration provisions (R-8); documents which summarize etc. the nature of disputes in T-Mobile arbitration documents relied upon by a T-Mobile declarant (R-10); identification of arbitration judges (R-11).

DISCUSSION

        The district court's order permitting arbitration related discovery required that it be "speedy and limited" in this context. Within those parameters, the undersigned has determined what discovery is speedy and limited in light of what is relevant. It is important to emphasize that the magistrate judge adjudicating a discovery dispute does not sit to decide on the ultimate issue in determining the arbitrability of the issues in plaintiff's case– that is for the district judge. On the other hand, if the law clearly delimits plaintiff's ability to oppose arbitration, the undersigned is guided by that law in determining what is "speedy and limited." That is, if plaintiff's opposition to the arbitration agreement is strictly limited by case law, there is no sense in allowing discovery as if the limitations did not exist. Thus, the undersigned must examine the law in the first instance to rule correctly on the scope of discovery.

        There are two umbrella issues concerning the motion to compel arbitration: (1)

did the parties enter into an agreement to arbitrate; (2) whether there exists a defense to the arbitration requirement.  The United States Supreme Court has held that, "[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." Mitsubishi Motors v. Soler Chrysler-Plymouth,  473 U.S. 614, 626, 105 S. Ct. 3346 (1985).  Whether an agreement to arbitrate exists is answered by applying state contract law, even where the agreement is covered by the FAA.  Pokorny v. Quixtar, 601 F.3d 987, 994 (9th Cir. 2010).   Unconscionability is proven against a backdrop of state law, Bridge Fund Capital Corp v. Fastbucks Franchise, 622 F.3d 996, 1003 (9th Cir. 2010)– but only to a point.  Each party has respective burdens at this stage of the proceedings.  "'The [party seeking arbitration] bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense.'" Id. At 1005 quoting  Engalla v. Permanente Med. Grp., Inc., 15 Cal.4th 951, 972, 64 Cal.Rptr.2d 843 (1997) . Every unconscionability analysis involves both procedural and substantive unconscionability,  Bridge Fund Capital Corp, 622 F.3d at 1004, and *both* must be found in order for an arbitration provision to be void.  Id.

Accordingly, the court must determine whether the information sought is relevant in light of defendant's objections.

With respect to the first threshold issue, formation of an agreement, Alvarez is entitled to discovery.  Plaintiff did argue that no agreement to arbitrate had been formed in the first instance– the first threshold issue.  According to Alvarez, he did not sign the agreement, but only signed an electronic pad that contained no terms and conditions but whose only purpose was to approve the credit card transaction.  As a result, plaintiff contends that he was not given the Terms and Conditions or told of them, and therefore he received no notice of binding arbitration

////

////

and the opt out provision.[2]  As set forth earlier, T-Mobile bears the burden of proof on this issue, and whether an agreement to arbitrate *per se* was ever formed is a hotly contested issue. Discovery is appropriate for this allegation.  The interrogatories and Requests for Production reasonably relevant to the this first threshold issue are: Interrogatories 9 and 18; Requests for Production 4, 6(limited to confusion regarding arbitration provisions), and 8.

The undersigned now turns to the second threshold issue, and the issue to which the bulk of the discovery is directed– the unconscionability, procedural and substantive, of the arbitration provision as written. The undersigned previously stated that state law determines unconscionability "to a point" because the Federal Arbitration Act can preempt that state law. The most recent Supreme Court case demonstrating the point is AT&T Mobility LLC v. Concepcion, ___ U.S. ___, 131 S.Ct. 1740 (2011).  The court held that the Federal Arbitration Act preempted California's Discover Bank rule which had held that an arbitration agreement in a consumer contract setting could be unconscionable because it included a universal class action waiver (abrogating Discover Bank v. Superior Court, 36 Cal.4th 148, 30 Cal. Rptr.3d 76 (2005)). Of importance here, the Concepcion court concluded that only principles of unconscionability that applied generally to all contracts could avoid the arbitration requirement; state law carving out special unconscionability rules for types of contracts, e.g., consumer contracts, would not pass muster.

> The final phrase of § 2, however, permits arbitration agreements to
> be declared unenforceable "upon such grounds as exist at law or in
> equity for the revocation of any contract." This saving clause
> permits agreements to arbitrate to be invalidated by "generally
> applicable contract defenses, such as fraud, duress, or
> unconscionability," but not by defenses that apply only to
> arbitration or that derive their meaning from the fact that an
> agreement to arbitrate is at issue.   [citations omitted] The question
> in this case is whether § 2 preempts California's rule classifying
> most collective-arbitration waivers in consumer contracts as
> unconscionable. We refer to this rule as the *Discover Bank* rule.

---

[2] Plaintiff contends that one of the transactions did not involve a T-Mobile phone so the Terms and Conditions were not in the package as T-Mobile asserts.

6

Concepcion, 131 S.Ct. At 1746.

This Alvarez case is analogous, if not directly on point, to Discover Bank, which involved a consumer contract of adhesion where the damages were predictably small, and the consumer was alleging a scheme to cheat consumers. In Discover Bank, consumers were alleging that the credit card company represented to cardholders that late payment fees would not be assessed if payment was received by a certain date. In reality, Discover Bank assessed a late fee if payment was received after 1:00 p.m. on that date. The damages were therefore small on an individual basis, but large in the aggregate. 36 Cal.4th at 152, 1103. Similar to the situation here, a specific state fraud statute was pled by the plaintiff (as well as common law fraud). See the earlier vacated Discover Bank California appellate court opinion at 129 Cal. Rptr. 2d at 397.

Alvarez herein understands that if his complaint is viewed as a Discover Bank situation he has little or no hope of prevailing against the arbitration requirement in his case in terms of unconscionability– his issue will be preempted by the FAA. Alvarez does not argue in the discovery motion that "generally applicable contract defenses, such as fraud, duress, or (general) unconscionability," would invalidate the arbitration provision here [3]; he relies on unconscionability in the consumer contract context. He argues that another pre-Concepcion state case decided after Discover Bank, but incorporating its logic, saves his in-court class action. That case is Gentry v. Superior Court, 42 Cal.4th 443, 64 Cal. Rptr. 3d 773 (2007).

Gentry, is barely distinguishable, if at all, in addressing class action waivers in wage and hour and overtime cases.

> [I]n Discover Bank, [] we were not holding all class action waivers to be necessarily unconscionable, but that waivers in consumer contracts of adhesion involving "predictably ... small amounts of damages," that are part of a "scheme to deliberately cheat large numbers of consumers out of individually small sums of money," will be held to be unconscionable and unenforceable. (citation

---

[3] Counsel for plaintiff was specifically questioned regarding plaintiff's *general* grounds for substantive unconscionability, i.e., grounds that would apply to all contracts. Plaintiff could only relate situations applicable to consumer contracts– a non-starter after Concepcion.

> omitted) ...
>
> Yet the above quoted passage in Discover Bank was not intended to suggest that consumer actions involving minuscule amounts of damages were the only actions in which class action waivers would not be enforced. Rather, Discover Bank was an application of a more general principle: that although "[c]lass action and arbitration waivers are not, in the abstract, exculpatory clauses" ( Discover Bank, supra, 36 Cal.4th at p. 161, 30 Cal.Rptr.3d 76, 113 P.3d 1100), such a waiver can be exculpatory in practical terms because it can make it very difficult for those injured by unlawful conduct to pursue a legal remedy. Gentry argues persuasively that class action waivers in wage and hour cases and overtime cases would have, at least frequently if not invariably, a similar exculpatory effect for several reasons, and would therefore undermine the enforcement of the statutory right to overtime pay.

Gentry, 42 Cal.4th 443, 457, 64 Cal.Rptr.3d 773, 782-83. Gentry simply applied Discover Bank principles to its own statutory rights situation.

However, courts after Concepcion are divided over the issue of whether Gentry v. Superior Court, 42 Cal.4th 443 (2007), which provides for a common law doctrine of unconscionability and/or vindication of statutory rights, survives Concepcion. The cases following Concepcion fall into two groups for the most part: those that see Gentry as applying to a specific, unwaivable statutory scheme, and those that see Gentry as just another species of Discover Bank.

The first group of cases are illustrated as follows. "Yet while Discover Bank is a case about unconscionability, the rule set forth in Gentry is concerned with the effect of a class action waiver on unwaivable statutory rights regardless of unconscionability." Arguelles-Romero v. Superior Court, 184 Cal.App.4th 825, 836, 109 Cal. Rptr.3d 289, 299 (2010) (citation omitted). Cases concerning underlying employment contracts based on statutory rights may continue to apply Gentry as a separate avenue to sidestep arbitration agreements. See Brown v. Ralphs Grocery Co., 2011 WL 2685959 (Cal. Ct. App. July 12, 2011) (noting in dicta that it would find Gentry not preempted by FAA); Plows v. Rockwell Collins, Inc., 2011 WL 3501872, *4-5 (C.D. Cal. Aug. 9, 2011) (acknowledging Gentry as valid law by distinguishing employment

contracts and finding employees may not be precluded by arbitration agreements from bringing representative PAGA actions as "[t]he purpose of the PAGA is not to recover damages or restitution, but to create a means of 'deputizing' citizens as private attorneys general to enforce the Labor Code." ).

Other courts, the second group, nevertheless have found that Concepcion impliedly overruled Gentry, even in cases based on employment contracts. See Morse v. Servicemaster Global Holdings, Inc., 2011 WL 3203919, n.1 (N.D. Cal. Jul. 27, 2011); Quevedo v. Macy's, Inc., 2011 WL 3135052 (C.D. Cal. 2011). Both of these cases indicate that even in an employment case, which may provide a basis for application of Gentry, courts have refused to find such an exception to the Concepcion rule. In cases involving consumer contracts, with factual scenarios more akin to the Discover Bank rule, courts deciding the matter after Concepcion engage in only a *general* unconscionability analysis. See Arellano v. T-Mobile USA, Inc., 2011 WL 1362165, * 4 (N.D. Cal. 2011) (holding that 30 day opt out period (like the one here) removed general procedural unconscionability); Murphy v. DIRECTV, Inc., 2011 WL 3319574, *3 (C.D. Cal. 2011) (finding, without analysis, class action waiver not unconscionable); Zarandi v. Alliance Data Systems Corp., 2011 WL 1827228, *1 (C.D. Cal. May 9, 2011) (recognizing that "[a]rbitration agreements may 'be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue,'" (citation omitted), but finding that plaintiff did not dispute receiving terms and conditions and she could have opted out of arbitration provision); Hamby v. Power Toyota Irvine, 2011 WL 2852279 (S.D. Cal. Jul. 18, 2011) (permitting discovery on unconscionability as a generally applicable contract defense after Concepcion); Mission Viejo Emergency Med. Assoc. v. Beta Healthcare Group, 2011 WL 2565363, *7, n. 4 (June 29, 2011) (noting that Concepcion does not go so far as to preempt state law on unconscionability); Hartley v. Superior Court, 196 Cal.App.4th 1249, 127 Cal. Rptr.3d 174 (June 28, 2011) (after Concepcion, courts

can determine whether arbitration agreements are unconscionable). Cf. Bellows v. Midland Credit Management, Inc., 2011 WL 1691323 (S.D. Cal. May 4, 2011) (Engaging in unconscionability analysis but finding under Concepcion that "agreement to arbitrate is not substantively unconscionable merely because it includes a class action waiver," and enforcing arbitration agreement).

Thus, it would seem that at best for Alvarez, Gentry survives, but not in the context of his action– a consumer contract context. At worst, Gentry does not survive at all. The fact that Alvarez' situation herein is not a Gentry situation is crystal clear. There are no unwaivable substantive, statutory rights at issue. However, the undersigned need not find that Gentry has been abrogated for all purposes, or even in the context of this case, after Concepcion. Such a ruling in a divided case law issue is beyond the scope of a magistrate judge sitting in discovery, where only if the law precluding party's substantive argument is crystal clear should discovery be denied on that aspect of the law.

But even going one step further, if this were a Gentry situation, Alvarez's motion for discovery still fails, for the most part, on the basis that he clearly cannot show substantive unconscionability (unduly oppressive result) given the opt out clause at issue. No one could reasonably argue that if one is given a reasonable opportunity to opt out of an otherwise (assumed) unconscionable arbitration provision, he can fail to opt out and *still* argue that the provision is substantively unconscionable. It is undisputed and conceded (*now*) that the arbitration provision at issue allowed Alvarez to opt out of both the arbitration provision *and* any class action waiver.[4] At hearing, defendant represented that the contract contained the above cited provisions permitting the consumer to opt out of arbitration, and if the consumer opts out, he or she is freed from the class action waiver provision. The undersigned cannot fathom even a good faith

---

[4] However, as discussed in the following paragraphs, there is an argument that the clause is so confusing and conflicting, that the ordinary reader of the provision would not know that he actually could bring a class action in court.

10

1  argument that the arbitration provision containing such an opt out could be considered oppressive.

2          In this case, the terms of the consumer contract provided for binding arbitration
3  with the ability to opt out within thirty days from the date of activation.  (Baca Decl., filed
4  October 1, 2010 in support of defendant's motion to compel arbitration, Tab 3, ¶ 2, Tab 4, ¶ 2,
5  dkt. no. 7-2 at 15, 30.)  The terms and conditions separately contained a paragraph entitled, "class
6  action waiver."  It states:

> WE EACH AGREE THAT ANY DISPUTE RESOLUTION
> PROCEEDINGS, WHETHER IN ARBITRATION OR COURT,
> WILL BE CONDUCTED ONLY ON AN INDIVIDUAL BASIS
> AND NOT IN A CLASS OR REPRESENTATIVE ACTION OR
> AS A MEMBER IN A CLASS, CONSOLIDATED OR
> REPRESENTATIVE ACTION.  If a court or arbitrator determines
> in an action between you and us that this waiver is unenforceable,
> the arbitration agreement will be void as to you.  *If you chose to
> pursue your claim in court by opting out of the arbitration provision
> as specified above, this Class Action Waiver provision will not
> apply to you.  Neither you, nor any other customer, can be a class
> representative, class member, or otherwise participate in a class,
> consolidated, or representative proceeding without having complied
> with the opt out requirements above.*

15  (Id.) (emphasis in original (upper case) and added (italics)).  According to defendant, these terms
16  and conditions were both on T-Mobile's website, and in the box with every phone sold.  (Baca
17  Decl., ¶¶ 6, 7.)  If the district judge accepted T-Mobile's concession that the class action
18  preclusion disappears when a customer timely opts out of arbitration, and found that this
19  concession was clear to Alvarez at the time of his acquisition of services from the words of the
20  agreement, discovery on substantive unconscionability is entirely a waste of time.

21          On the other hand, plaintiff might argue that the opt out of arbitration as it related
22  to class actions was so unclear in its written form, that no agreement was formed with respect to
23  the opt out provision.  That is, the bold letters in original tell the customer that he *cannot*
24  participate in a class action whether in arbitration *or in court* (and the only way to get to court is
25  to opt out of arbitration, Baca Declaration, supra), and then the smaller print later tells the
26  customer that if he timely opts not to proceed in arbitration than he *can* bring a class action in

11

1 court. Well, which is it? No class action – period – whether in arbitration or court, or yes, you
2 can bring a class action in court if you timely opt out. If there is a question about the vagueness of
3 the provision at issue, the district judge will have to rule on the vagueness issue, and the effect of
4 any finding as to vagueness, i.e., severance or not, enforceability or not. But this would be a
5 matter of law for the court for which discovery is not seemingly needed. Baker v. Osborne
6 Development Corp., 159 Cal. App. 4th 884, 860, 71 Cal. Rptr, 3d 854 (2008)[5]

7 Thus, in either case, Alvarez does not need the burdensome discovery on
8 substantive unconscionability, and to order it would be wasteful of the parties' and the court's
9 resources. The undersigned declines to do this as it is violative of the spirit of the district judge
10 admonition that discovery is to be speedy and limited – it has to produce some meaningful result
11 as well.

12 CONCLUSION

13 Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel
14 discovery, filed August 18, 2011 (dkt. no. 40), is granted in part and denied in part as set forth
15 above. T-Mobile shall answer and produce, as required, within twenty-one days, the previously
16 identified discovery regarding formation of an agreement to arbitrate.

17 Dated: September 28, 2011

18 /s/ Gregory G. Hollows
   UNITED STATES MAGISTRATE JUDGE
19
   GGH:076/Alvarez2373.dsy.wpd
20
___

21 [5] See also Esra Grae Corp. V. Flower Corp. 1 Cal. App. 4th 884, 860, 71 Cal. Rptr. 3d 854 (2008). "Under California law, a contract will be enforced if it is sufficiently definite (and
22 this is a question of law) for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached." But see Dotson v. Amgen Inc.,
23 181 Cal. App. 4th 975, 980, 104 Cal. Rptr.3d 341 (2010): "Procedural unconscionability focuses on the making of the agreement. Oppression results from unequal bargaining power, when a
24 contracting party has no meaningful choice but to accept contract terms. Unfair surprise results from misleading bargaining conduct or other circumstances indicating that party's consent was
25 not an informed choice. ( Sanchez, supra, 172 Cal.App.4th at p. 173, 90 Cal.Rptr.3d 818.)"

26

12